## KILBY BANK, Petitioners, &c.

A judgment was recovered by the Commonwealth against a bank, for the semi-annual tax payable in April 1838, but before the execution issued thereon was levied, a resolve was passed by the legislature, providing that the tax on such bank, " due to the Commonwealth from the 29th day of January, 1838, be remitted," upon the payment, by the bank, of the costs incurred for the recovery thereof. It was *held,* that the whole of such semi-annual tax was not released by the resolve, but only such a part thereof as bore the same proportion to the whole, which the time between the 29th of January and the day when such tax was due, bore to the period of six months.

THIS was a petition, setting forth, that after the 29th day of January, 1838, there became due from the petitioners to the Commonwealth a certain tax laid pursuant to law upon their capital stock; that such tax being unpaid, a suit was instituted, in the name of the Commonwealth, against the petitioners, for the recovery thereof, and in November 1838, judgment was recovered, in this Court, against the petitioners, for the sums of $2630·50, damage, and $34·39, costs; that on the 8th of March, 1839, a writ of execution was duly issued upon such judgment; but that, on the 8th of April, 1839, before such writ was executed, a resolve of the Commonwealth was passed, by which it was provided, " that the tax on the capital stock of the Kilby Bank due to this Commonwealth from the 29th day of January, 1838, be remitted, and that said bank be wholly discharged from the payment of the same," upon the payment by the petitioners, of all the costs incurred by the Commonwealth for the recovery of such tax; that the petitioners had duly paid those costs, and by virtue thereof were wholly discharged and exonerated from the damages and costs mentioned in the execution; but that, nevertheless, the Attorney-General threatened to cause the property of the petitioners to be seized for the purpose of satisfying the execution. Wherefore, the petitioners prayed, that a writ might

Kilby Bank, Petitioners, &c.

*Oct. 16th.*

*Oct. 18th.*

issue to supersede such execution, and for such relief as to right and justice should appertain.

*Rand* and *Fiske*, for the petitioners.

*Austin*, (Attorney-General,) for the Commonwealth.

Shaw C. J. delivered the opinion of the Court. It cannot be doubted, that the resolve of the legislature applies to the judgment recovered against the bank ; the bank has so understood it and has paid the costs. But a question arises upon the construction and legal effect of the resolve. The bank contends, that the resolve releases all taxes accruing after the 29th of January, 1838 ; that these taxes accrued at the times fixed by law, to wit, on the first Monday of April and the first Monday of October ; that the tax in question became due on the first Monday of April, 1838 ; that each six months was whole and indivisible, and, therefore, that this was a remission of the whole six months' tax. On the contrary, the Commonwealth contends, that it was a release *pro ratâ*, of the whole tax, in the proportion that the time from the 29th of January to the first Monday of April, bears to the whole six months.

This resolve, like every other instrument, is to be construed according to the intent of the makers, to be ascertained by all the terms and parts of it, and the subject matter to which it applies.

The Commonwealth had judgment for the whole tax, and might have enforced the whole. They might therefore remit the whole, or any part. Had it been their intention to remit the whole, it is much more probable that they would, in terms, have remitted the judgment upon condition of paying the costs. Besides, why should the 29th of January have been fixed on at all ? Why not remit all taxes accruing after October 1837 ? It is probable that the 29th of January was the day on which they stopped payment, or ceased acting as a bank, for the profit of the stockholders ; if that were so, it would be a good reason why the tax, treating it as a *pro ratâ* bonus for the use of bank capital, should cease at that time. It is argued that the word " from " should be read as synonymous with " after " ; but we see no reason for thus construing the language used by the legislature, especially if it would vary the result. We think the word " from " was used to distinguish that which

accrued before, and that which accrued after the day fixed, and implies that the legislature regarded it as accruing *pro ratâ*, though payable at fixed periods.

Construing the resolve according to the intent, as well as the terms, the Court are of opinion, that the legislature intended to remit as large a part of the semi-annual tax as the time from the 29th of January to the first Monday of April, bore to the whole period of six months, and to reserve the right of the Commonwealth to the balance, with the costs.